COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-119-CR
 
 
CARA 
DAWN STOGSDILL                                                       APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM 
OPINION[1]
 
------------
        In 
a single issue, appellant Cara Dawn Stogsdill (“Stogsdill”) appeals her 
conviction of possession of a controlled substance, namely methamphetamine, in 
the amount less than one gram, arguing that the trial court erred in overruling 
her motion to suppress evidence because it was obtained through an unlawful 
search and seizure.  We affirm.
        We 
need not address the merits of Stogsdill’s issue because it has been waived.  
It is well-settled that when a pre-trial motion to suppress evidence is 
overruled, the accused need not subsequently object to the admission of the same 
evidence at trial in order to preserve error.  Williams v. State, 
834 S.W.2d 502, 507 (Tex. App.—Fort Worth 1992, pet. ref’d).  However, 
when the accused affirmatively asserts during trial that she has “no 
objection” to the admission of the evidence complained of, she waives any 
error in the admission of the evidence despite the earlier adverse ruling.  
See Jones v. State, 962 S.W.2d 158, 167 (Tex. App.—Fort Worth 1998, no 
pet.).
        Before 
trial, Stogsdill’s counsel made an oral motion to suppress all the physical 
evidence seized during a search of Stogsdill’s vehicle on the night she was 
arrested.  After a hearing, the trial court denied the motion. When the 
State introduced the same evidence during the guilt/innocence phase, 
Stogsdill’s counsel stated that he had “no objection.”  Therefore, 
Stogsdill has waived her right to complain on appeal about the evidence’s 
admissibility.  See id.  We overrule Stogsdill’s sole issue. 
Having overruled Stogsdill’s sole point, we affirm the trial court’s 
judgment.
 
 
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL 
B:   DAUPHINOT, HOLMAN, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 17, 2004

 
NOTES
1.  
Tex. R. App. P. 47.4.